WILLARD M. CHRISTINE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Christine v. Commissioner
Docket No. 16382-92
United States Tax Court
T.C. Memo 1993-473; 1993 Tax Ct. Memo LEXIS 483; 66 T.C.M. (CCH) 1025; October 13, 1993, Filed *483 Decision for respondent will be entered. Willard M. Christine, pro se. For respondent: Carlos Oviedo. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined a deficiency in petitioner's Federal income tax for 1990 in the amount of $ 1,645. At the call of this case from the calendar, respondent filed a motion for costs and sanctions under section 6673(a)(1)(B). The issues for decision are: (1) Whether petitioner is liable for the alternative minimum tax (AMT) for 1990; and (2) whether the Court should award a penalty under section 6673(a)(1)(B). Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the *484 filing of the petition herein, petitioner resided in Inglewood, California. Petitioner is a college graduate with a degree in journalism and is a writer for the Los Angeles Times newspaper. Petitioner, on his 1990 Federal income tax return, reported, among other things, freelance writing income of $ 6,440 on line 22 and itemized deductions of $ 47,749 on line 34. (The latter amount was computed on Schedule A and totaled on line 27 thereof.) Petitioner also prepared and filed Form 6251, Alternative Minimum Tax-Individuals (the Form) with his 1990 return. On line 2 -- "Net operating loss deduction, if any, from Form 1040, line 22 (Enter as a positive amount)" -- petitioner entered $ 6,440. This entry was erroneous, as petitioner neither incurred nor reported any net operating loss for 1990. Petitioner then combined lines 1 and 2, as required by the Form and entered the total of $ 73,982 on line 3. On line 4a -- "Standard deduction, if any, from Form 1040, line 34" -- petitioner erroneously entered $ 47,749, as he had itemized deductions on his return. Other entries contained on lines 4b through 4t were accurate, and the total reflected on line 4u was $ 99,152. However, although *485 line 6 required the petitioner to combine lines 3, 4u, and 5h (which in this case was zero), petitioner merely entered the amount shown on line 4u ($ 99,152), resulting in the erroneous calculation that no AMT was due. [2]
In the notice of deficiency, respondent determined that petitioner had erroneously calculated his AMT liability, resulting in the deficiency as set forth therein. Petitioner does not dispute the mathematics of respondent's determination. Rather, petitioner contends that he should not be liable for the AMT because Form 6251 is "misleading, confusing, and ambiguous." There is no merit to petitioner's contention. Section 55(a) imposes a tax equal to the excess, if any, of the "tentative minimum tax" for the taxable year over the regular tax for such year. The tentative minimum tax in this case is 21-percent of the excess of the "alternative minimum taxable income" (AMTI) over $ 40,000, *486 the exemption amount. [3] Secs. 55(b)(1), 55(d)(1)(A). AMTI is defined in section 55(b)(2) as the taxpayer's taxable income, adjusted as provided in sections 56 and 58, and increased by the amount of the items of tax preference described in section 57. Specifically, as applicable to this case, in calculating AMTI, no deduction is allowed for any miscellaneous itemized deduction and taxes described in section 164(a)(1), (2), or (3), section 56(b)(1)(A), personal interest, section 56(b)(1)(C), and the standard deduction and deduction for personal exemptions, section 56(b)(1)(E). Any net operating loss claimed is added back to taxable income and recalculated as "alternative net operating loss deduction", see section 56(d), and reflected on line 7 of Form 6251. Respondent's computation of petitioner's AMT accurately complies with these statutory provisions. *487 However, petitioner contends that Form 6251 is ambiguous and misleading, and, therefore, he should not be liable for the AMT. The AMT is imposed by the statutes referred to above and not by the Form. Form 6251 is designed by respondent to assist taxpayers in complying with the statutory provisions; even if it were ambiguous, a conclusion with which we do not agree, such ambiguity would not relieve petitioner from his liability under the law. Petitioner has not cited any contrary authority, and we know of none. [4] Accordingly, we sustain respondent on this issue. We now turn to respondent's motion for sanctions and costs. Section 6673(a)(1)(B) *488 authorizes this Court to require a taxpayer to pay the United States a penalty not to exceed $ 25,000 whenever it appears to the Court that a taxpayer's position in the proceeding is frivolous or groundless. We conclude that petitioner's position herein is frivolous and groundless. Firstly, it is noted that petitioner is an educated man and makes his living writing for the Los Angeles Times, as well as from freelance writing. As such, petitioner should be considered to have a reasonable grasp of the English language. Secondly, petitioner never actually stated in what way Form 6251 was ambiguous and misleading, although he did allude to the provisions for lines 2 and 4a. Line 2 called for the amount of a net operating loss deduction, if any, which petitioner did not have, and not for any amount shown on line 22 as petitioner believed. Besides, petitioner's entry on line 2 of form 6251 was contrary to his best interest; thus, he should not have any complaint in respondent's correction thereof. Line 4a called for the standard deduction, if any. Petitioner did not claim the standard deduction, but claimed itemized deductions on his return. Again, petitioner's entry on this *489 line was not in his best interest. Finally, the imposition of the AMT in this case arises not from these adjustments, but from petitioner's failure to "combine lines 3, 4u, and 5h", a clear direction which petitioner failed to follow. In her motion for sanctions and costs, respondent alleges that petitioner was offered assistance in the correct preparation of Form 6251 by respondent's examination division, the appeals division, and respondent's counsel, all of which petitioner eschewed. Petitioner did not deny these allegations. Petitioner's frivolous position wasted the time and energy of the Court and respondent's counsel. Accordingly, in the exercise of our discretion, we require petitioner to pay the United States a penalty under the provisions of section 6673(a) in the amount of $ 1,000. To reflect the above, An appropriate order and decision for respondent will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Had petitioner correctly added lines 3 and 4u, he would have been required to calculate an AMT of $ 13,264.↩
3. The exemption amount of $ 40,000 is for joint tax returns. Petitioner and his wife filed a joint return for 1990, but only petitioner husband petitioned the Court.↩
4. Although not stated in these terms, petitioner may be attempting to question the constitutionality of the alternative minimum tax. In , affd. per curiam , we specifically held the alternative minimum tax provisions to be constitutional.↩